IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Rebekah H..,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,[2]

    Defendant.

Case No. 6:17-cv-01701-AA
**OPINION AND ORDER**

---

AIKEN, District Judge:

    Plaintiff Rebekah H. brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration (SSA) ended on November 17, 2017, and a new Commissioner has not been appointed. The official title of the head of the SSA is the "Commissioner of Social Security." 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). This Court, therefore, refers to defendant only as Commissioner of Social Security.

Page 1 – OPINION AND ORDER

Insurance Benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## BACKGROUND

On May, 17 2013, plaintiff filed for DIB with a date last insured of September 30, 2015. In her applications, plaintiff alleged disability beginning on March 1, 2012 due to a combination of physical impairments, including migraine headaches; degenerative disc disease of the lumbar spine, status post lumbar discectomy and decompression; degenerative disc disease and spondylosis of the cervical spine; bilateral hip osteoarthritis, status post bilateral hip arthroplasties; osteoarthritis of the left wrist; and left carpal tunnel syndrome.

Her claims were denied initially on October 17, 2013, and upon reconsideration on April 23, 2014. On May 15, 2014, plaintiff filed a written request for hearing before an Administrative Law Judge ("ALJ"). An administrative hearing was held on April 20, 2016, where plaintiff was represented by counsel. Plaintiff and a vocational expert ("VE") offered testimony. The ALJ found plaintiff not disabled in a written decision issued on May 17, 2016. After the Appeals Council denied review, plaintiff filed the present complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the ALJ's decision unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740

F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). The court must evaluate the complete record and weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden. The plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of March 1, 2012 through the date last insured. Tr. 22. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found that plaintiff had severe impairments of "degenerative disc disease of the lumbar spinal area; spondylosis of the cervical spinal area; migraine headaches; osteoarlhritis of the bilateral hips, status post bilateral hip arthroplasties; osteoarthritis of the left wrist; and left carpal tunnel syndrome" Tr. 22. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe

as to preclude substantial gainful activity. Tr. 23. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ found that plaintiff

> has the RFC to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk up to two hours in an eight-hour workday, and sit up to six hours in an eight-hour workday, with no more than occasional climbing of ladders, ropes, or scaffolds; no more than frequent climbing of ramps or stairs; and no more than frequent kneeling, crouching, or crawling.

Tr. 24-25. At step four, the ALJ found that plaintiff was "capable of performing past relevant work as a receptionist" and thus was not disabled under the Act. Tr. 32 The ALJ did not proceed to Step Five. Accordingly, the ALJ found that plaintiff was not disabled and denied her application for benefits. *Id.*

## DISCUSSION

Plaintiff raises four assignments of error on appeal. She contends that the Commissioner erred in: (1) finding at Step Four that plaintiff could perform past relevant work as a receptionist; (2) improperly evaluating plaintiff's subjective symptom testimony, (3) improperly evaluating lay witness statements and (4) failing to include all of plaintiff's limitation into her hypotheticals to the VE. The Court addresses each issue in turn.

I. *Step Four Analysis*

Plaintiff first complains that the ALJ improperly classified her past relevant work as a receptionist. Plaintiff argues that the classification of receptionist did not account for the fact that her previous jobs which included some duties of a receptionist also included the more demanding duties of administrative clerk. Thus, she contends that ALJ erred in finding that plaintiff was

capable of performing her past relevant work if she is not capable of perform all of the duties of that past work.

At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work either as actually performed or as generally performed in the national economy. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citing *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.2002)). Only if the ALJ finds that the claimant can no longer perform her past work, as properly classified, does the analysis move to the fifth and final step of determining whether the claimant can perform any other work that exists in the national economy. *Id.*

Initially, the Court notes that because the ALJ made very few findings and relied largely on a brief exchange with the VE, it is difficult to review the decision of the ALJ. Here, it is not clear that the ALJ properly classified the plaintiff's previous relevant work. Nor is it clear whether the ALJ's ultimate conclusion that plaintiff could perform past relevant work addressed her work as actually or generally performed. *See Pinto v. Massanari*, 249 F. 3d 840, 845 (9th Cir. 2001.) It is clear that some of her past work involved more strenuous duties than would be allowed by her RFC. Indeed, it does not appear that any jobs plaintiff previously held exclusively had duties of a receptionist.

The Commissioner argues that Court infer that when the VE referred to plaintiffs past relevant work as an administrative clerk that was classified as light, she was referring to certain jobs in the record which would seem meet her current RFC. However, this Court is bound to review decisions of the Commissioner based on the reasons the ALJ asserts on the record. *Connect v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Thus, the Court declines to consider this post hoc rationale and finds that the ALJ committed harmful error at Step Four. As discussed below, the

appropriate remedy is to remand for further proceedings so that the ALJ may examine the evidence in the record and, if necessary, consult with a VE to determine whether plaintiff can perform past relevant work as it was generally performed or actually performed.

II.  *Plaintiffs Subjective Symptom Statements*

Plaintiff argues that the ALJ made "no specific, clear, and convincing findings to support her rejection" of plaintiff's testimony. Pl's. Brief at 21. Plaintiff complains that while the ALJ summarized the medical evidence, the ALJ never explained how her interpretation of the evidence contradicted from specific aspects of plaintiff's testimony.

When a claimant's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, the ALJ must provide "specific, clear and convincing reasons" for rejecting the claimant's testimony regarding the severity of her symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engaged in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In weighing a plaintiff's credibility, the ALJ may consider many factors, including: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony ... that appears less than

candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). However, "subjective pain testimony cannot be rejected on the *sole* ground that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citation omitted).

The Commissioner concedes that the ALJ based her decision to discount plaintiff's subjective testimony in part on the objective medical record. The Commissioner argues that the ALJ provided other clear and convincing rationale. Namely, the ALJ also noted that plaintiff improved with treatment, undermining her allegations. The ALJ further opined that medications had helped with plaintiff's pain and migraines. Moreover, the ALJ reviewed that chiropractic treatments reportedly helped plaintiff's pain. The ALJ also pointed to reports that plaintiff improved with surgical procedures.

The ALJ also found that plaintiffs activities undermined her allegations. The ALJ noted that plaintiff engages "in rigorous physical activities, including performing maintenance activities at a ranch and caring for her horses." Tr. 29. Plaintiff argues that the ALJ overstates these activities, and her normal ability to perform them is far below the ALJ's findings. The Court finds, however, that there are contradictory reports of plaintiff's ability to engage in her activities of daily living, and the Court must defer to the ALJ's rational interpretation of the evidence.

The Court holds that the ALJ did not rely solely on the objective medical evidence in the record when discrediting plaintiff's subjective symptom testimony, but rather she also relied the opinions of the state agency medical consultants, evidence of some improvement with treatments, and activities of daily living. Thus, based on this record, the Court finds that the ALJ did not err in discrediting Plaintiff's statements related to the intensity, persistence, and limiting effects of his

Page 7 – OPINION AND ORDER

symptoms. The ALJ did not arbitrarily discredit plaintiff and provided clear and convincing reasons for disregarding Plaintiff's testimony.

III. *Lay Witness Statements*

Plaintiff next challenges the ALJ's decision to give "little weight" to the third-party statement submitted by plaintiff's husband. The ALJ noted that she considered the detailed observations in the statement but "gave greater weight to the state medical assessor opinions" which she found to be "consistent with the record as a whole." Tr. 29

Lay witness testimony regarding the severity of a claimant's symptoms or how impairment affects a claimant's ability to work is competent evidence that an ALJ must consider. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). In order to reject such testimony an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r*, 807 F.3d 996, 1007 (9th Cir. 2015). Further, the reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011).

Inconsistency with the medical evidence is a germane reason to discredit lay witness opinions. *Bayliss v. Barnhart*, 427 F. 3d 1211, 1218 (9th Cir. 2005) Here, the ALJ did discuss, albeit briefly, her reasoning for not fully crediting the letter from plaintiffs' husband. Moreover, as the Commissioner notes, the medical opinions from the state agency consultants was the only medical opinion evidence in the record. Because the ALJ gave a germane reason for discounting plaintiff's husbands letter, no harmful error was committed.

IV. *Hypothetical to the VE*

Finally, plaintiff argues that the hypotheticals given to the VE and relied upon by the ALJ were deficient because they did not include all the limitations established by plaintiff's improperly rejected subjective testimony and the improperly rejected lay witness testimony. The Court has

found no error in the ALJ's ruling regarding plaintiff's subjective symptom testimony and her husband's lay witness testimony. Thus, the ALJ committed no harmful error by omitting from her hypotheticals to the VE limitations which she found to be neither credible or supported by the record. *Osenbrock v. Apfel,* 240 F. 3d 1157, 1163 (9th Cir. 2001).

V.   *Scope of Remand*

The Court has found that the ALJ committed harmful error at Step Four. The Court concludes remand is necessary to resolve conflicts and ambiguities in the record regarding plaintiff's ability perform past relevant work or whether it is necessary to proceed to Step Five to determine if other work which plaintiff could perform exists in significant numbers in the national economy. *Dominguez v. Colvin,* 808 F. 3d 403, 407 (9th Cir. 2015) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal citations omitted)

**CONCLUSION**

For the reasons set forth herein, the Commissioner's decision is REVERSED and REMANDED for further proceedings. On remand the Commissioner should conduct a *de novo* review and specifically examine whether plaintiff can perform past relevant work as actually performed or generally performed or, moving to Step Five, whether jobs in exist in significant number in the national economy which plaintiff could perform. Accordingly, this case is dismissed.

IT IS SO ORDERED.

Dated this 30th day of March, 2019.

Ann Aiken
United States District Judge